IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01793-WYD-KMT

MELODY RAMSEY,

    Plaintiff,

v.

GORDON H. MANSFIELD,

    Defendant.

---

**ORDER and
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya
United States Magistrate Judge**

    This case comes before the court on the defendant's "Motion to Dismiss" ("Mot. [Doc. No. 13, filed November 19, 2007]). "Plaintiff's Response to Motion to Dismiss" ("Rsp. [Doc. No. 26]) was filed on December 5, 2007 and the "Reply to Plaintiff's Response to Motion to Dismiss" ("Reply" [Doc. No. 29]) was filed December 20, 2007. The court finds that oral argument will not materially assist the court in rendering its decision.

    *I.    BACKGROUND*

    This is the fourth of five cases Melody Ramsey has filed in this court including: Ramsey v. State Engineer, 87-cv-01392-DBS; Ramsey v. Cooper, et al., 90-cv-01061-LTB; Ramsey v. Principi, 04-cv-02140-LTB-BNB; Ramsey v. Mansfield, 07-cv-2612; and this instant action also

against defendant Gordon H. Mansfield, the Acting Secretary of the Department of Veterans' Affairs. Case Number 04-cv-2140-LTB-BNB was filed against Anthony J. Principi, who was at the time, the Secretary of the Department of Veterans' Affairs. Case numbers 04-cv-02140-LTB, 07-cv-2612-WYD-KLM[1] and the instant action all arise out of the identical set of factual underpinnings although each of the cases contains both overlapping and non-overlapping claims.

In Case Number 04-cv-02140, Magistrate Judge Boyd Boland described the factual basis for the plaintiff's claims in his initial Recommendation ("2004 Case Rec." [Doc. No. 16, filed August 23, 2005]):

> The plaintiff filed a Title VII Complaint (the "Complaint") on October 15, 2004. The Complaint provides a lengthy and somewhat confusing discourse of the plaintiff's experiences with the Fort Logan National Cemetery. The Complaint alleges the following:
>
>> 1. The plaintiff is the widow of a World War II United States Merchant Marine. *Complaint*, p. 7, ¶ 20. The plaintiff's husband was buried at the Fort Logan National Cemetery in Denver in March 2002. Id. at p. 3, ¶ 11; p. 7, ¶ 20. The plaintiff began volunteering at the cemetery within weeks of her husband's burial. Id. at p. 3, ¶ 11. Her volunteering included the following "actual or proposed" duties: weeding, picking up trash, cleaning up branches, and rendering advice and research on a cemetery expansion project. Id. She had almost daily contact with the Deputy Director of the cemetery "to report the criminal or inappropriate use of the cemetery each prior evening or to ask for and receive permission for expanded work assignments or to report broken sprinkler heads, for example." Id.

---

[1]This case, filed subsequent to the instant action and citing nearly identical facts and claims as the previous two cases, was dismissed by the Court for willful failure to comply with the Local Rules of Practice for the United States District Court. This case is currently on appeal, Tenth Circuit case number 08-1202.

> 2. The plaintiff was assaulted and defamed by cemetery staff. Id. at p. 9, ¶ 23. "The cemetery staff seems to have been soliciting hate crimes against Mrs. Ramsey based on their perception that she is mentally ill." Id.
>
> 3. In the spring of 2003, the plaintiff was barred from entering the cemetery grounds for one year. Id. at p. 7, ¶ 20. The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability. Id. at Exhibit 3, p. 1. The EEOC denied the complaint, finding that the plaintiff was not an employee or an applicant for employment and, therefore, was not an aggrieved person under the pertinent regulations. Id. p. 2.

*Id.*

Plaintiff relies upon the exact same facts as above summarized by Magistrate Judge Boland, in the 49 page complaint in Case No. 07-cv-2612[2], filed on December 17, 2007, and in this 89 page complaint, filed on August 24, 2007. In the instant action, the plaintiff does not describe her claims for relief but instead attaches copies of the various EEOC filings to the complaint to set forth the factual basis for her claims. (Compl. at 3, "Unnumbered Claims for Relief.")

In her 2004 case, the plaintiff brought constitutional claims pursuant to 42 U.S.C. §1983 for violation of the Equal Protection Clause, involuntary servitude, denial of due process, and

---

[2]In Case. No. 07-cv-2612, plaintiff Ramsey did not claim to have obtained a right to sue letter from the EEOC, but instead claimed to have submitted "other appropriate administrative agency, here, the secretary of the VA & the ORM/VA, as directed by regional ORM." (07-cv-2612, Compl. at 4).

cruel and unusual punishment[3]. (2004 Case Rec. at 5.) Further, plaintiff brought discrimination claims under both Title VII and the ADA. *Id*. at 7. In that case, the defendant moved for dismissal on the basis that the plaintiff was not an employee, the same determination that the EEOC has made as a prelude to this case[4]. Magistrate Judge Boland found that Ms. Ramsey was not an employee of the cemetery and she did not have standing to bring claims under Title VII. (2004 Case Rec. at 7.)

Magistrate Judge Boland also addressed the claims of Ms. Ramsey with respect to the ADA, and found that the plaintiff was required to bring her disability claims pursuant to the Rehabilitation Act, 29 U.S.C. §794. (*Id.* at 8.) Magistrate Judge Boland, noting that the standards used to determine whether the Rehabilitation Act had been violated are the same standards applied under Title I of the Americans With Disabilities Act, concluded, "[a]s with Title II, the ADA's definition of employee does not include volunteers." *Id.*

Ms. Ramsey, in the 2004 case, also brought claims for assault and battery, defamation and loss of standing in the community without showing a clear waiver of sovereign immunity

---

[3] Magistrate Judge Boland noted that such claims should have been brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] Plaintiff is proceeding under the auspices of the August 25, 2006 "Notice of Final Agency Decision on EEO Complaint" (Compl. at 12), from which she filed an appeal on September 29, 2006. (Compl. at 56). A final decision on the appeal was made March 22, 2007; however, on April 25, 2007, Ms. Ramsey filed for a reconsideration. The EEOC did reconsider but, on May 23, 2007, came to the same conclusion that Ms. Ramsey was never an employee and had no grounds for a Title VII complaint and that she did not meet the criteria of 29 C.F.R. §1614.405(b). (Compl. 87-88.) Her complaint was required to be filed, given the five day mailing allowance, on August 26, 2007. This action was filed August 24, 2007.

within the Federal Tort Claims Act, 28 U.S.C. §2674. Also, to have exhausted administrative remedies, Ms. Ramsey was required to have filed a claim with the U.S. Department of Veterans' Affairs within two years of accrual of such a claim. Ms. Ramsey did not do so. (*Id.* at 9).

At the time of his first recommendation, Magistrate Judge Boland recommended dismissal on the majority of the claims but did not recommend dismissal of any claims which might be included in Ms. Ramsey's complaint for violations of the Administrative Procedures Act ("APA"). He also did not recommend dismissal of the claim made pursuant to the National Environmental Policy Act.

Then-Chief District Court Judge Lewis T. Babcock concluded that Magistrate Judge Boland's recommendations were correct and dismissed all claims except the claim for violation of the National Environmental Policy Act and any APA claim to the extent one was brought. (Case No. 04-cv-2140, Doc. No. 23 at 2.)

Some time later, the court granted defendant's summary judgment motions on both the National Environmental Policy Act and any APA claim, to the extent one was stated. Interestingly, as to the APA claim, the court noted, "The theme of the suit, interweaving all the facts and claims, is that Defendant [Secretary of Veterans' Affairs] did not do his job. He did not even process any of Plaintiff's claims or did not process them in the proper order or with the requisite Constitutional or legislative protections as far as she is able to discern at this time. To refuse to even process the various claims administratively, to refuse to process them timely and in the proper order or to deny Constitutional protections is the waiver of sovereign immunity under the APA, hence this court's jurisdiction in this suit. *Response*, ¶ 14." (Case No. 04-cv-

2140-LTB-BNB, Recommendation, Doc. No. 133 at 7-8). The court also recommended the NEPA claim be dismissed for lack of jurisdiction. That recommendation was also approved and Chief Judge Babcock dismissed the case on August 23, 2007.

Based on the same facts as in the 2004 case, plaintiff now brings claims asserting violations of "Title II of the Civil Rights Act of 1964, 42 U.S. C. § 2000(e-5, Rehabilitation Act of 1973, 29 C.F.R.E. (sic) 614, ADEA, ADA." (Compl. at 1.) She claims jurisdiction pursuant to "Whistleblower's protection, RICO/COCCA, APA, FTCA, Title 38 Veterans' Benefits, FOIA, 18 USCA (   )(witness (before court) protection & anti-retaliation for witness in court)."

Ms. Ramsey claims she was discriminated against on the basis of race, sex, color, national origin, religion, age, "disability & perceived disability" and "retaliation for above & prior." (Compl. at 2.) She claims that defendant failed to hire, failed "to process application & VA benefits," locked her out "from employment sites" and "retailiation for pursuing above." (*Id.*) She also claims damages pursuant to the Freedom of Information Act ("FOIA") involving release of certain files. Under "Request for Relief," Ms. Ramsey states she wants "Full VA benefits for P, late husband, father uncle, brother, retroactive to 1st contact (n1991), other specific as listed in file attached" as well as costs and attorney's fees and triple damages "because of collusion, conspiracy to violate civil rights and fraud on VA benefits on the order of $40.3 million as of 070507."

## II. Standard of Review

### A. Pro Se Plaintiff

Melody Ramsey is proceeding *pro se*. The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

### B. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on

the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### C.    *Fed. R. Civ. P. 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

8

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

### III. ANALYSIS

#### A. *Res Judicata, Claim Preclusion and Collateral Estoppel*

The plaintiff admits the claims in this action are predicated on all the same activity that led to her filing "the Principi case in October 2004." (Rsp. at 14). She states the reprisals and retaliation about which she complains in this case occurred "roughly from June 2003 to June 2004," before the filing of Case No. 04-cv-2140-LTB-BNB. (*Id.*) She states, "The Principi case also contained the substantive discrimination charges." (*Id.*) Plaintiff claims that neither Chief Judge Babcock nor Magistrate Judge Boland understood her claims. She states, "The Babcock-Boland court are wrong." (*Id*.) As made clear by the plaintiff, she is simply attempting to have this court, through this civil action, act as a "court of appeals" for Case No. 04-cv-2140-LTB-BNB – the quintessential "second bite." To the extent the claims in this case arise out of the same transaction or series of transactions as in 07-cv-2140-LTB-BNB, the plaintiff's claims are barred.

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was <u>or could have been</u> the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir.2005)(emphasis added). *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). When, as here, the question before the court is the preclusive effect of a prior judgment of a federal court, federal law will apply. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir.1999); *Watson v. Unified Government of Wyandotte County/Kansas City*, 2003 WL 21529313, 1 (10th Cir. 2003).*See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir.1992) (citing, inter alia, *Restatement (Second)*

*of Judgments* § 87, at 314 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.").

Though sometimes used to refer to the narrower concept of claim preclusion, res judicata traditionally subsumes both claim preclusion and issue preclusion, and is sometimes called collateral estoppel. *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n. 2 (10th Cir. 1987). Res judicata, usually referred to as claim preclusion in this circuit, requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp* at 1226. If these requirements are met, res judicata or claim preclusion is appropriate unless the party seeking to avoid preclusion did not have a "full and fair opportunity" to litigate the claim in the prior suit. *Id.* at n.4.

The identity of parties in these actions are the same – both Principi and Mansfield are named as defendants by virtue of their titles as Secretary of the Department of Veterans' Affairs. Melody Ramsey is the plaintiff in all actions. There was a judgment on the merits in Case No. 04-cv-2140-LTB-BNB.

The Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments in determining what constitutes identity of the causes of action. *Yapp* at 1227; *See Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335-36 (10th Cir. 1988). The transactional approach provides that a claim arising out of the same "transaction, or series of connected transactions" as a previous suit which was concluded in a valid and final judgment, will be precluded. *Yapp* at 1226; *see also Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir.1997) ("[A] cause of action includes all claims or legal theories of

11

recovery that arise from the same transaction, event, or occurrence."). What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Restatement (Second) of Judgments* § 24 (1982); *Yapp* at 1227. The Tenth Circuit has held that all claims arising from an employment relationship constitute a single transaction or a series of sufficiently connected transactions for purposes of claim preclusion. *Yapp* at 1226. *See also Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992)(the transactional test was met because "the 'claims' in each case were predicated on [plaintiff's] employment).

Ms. Ramsey may well argue that some of her theories of recovery are different in this case than in 04-cv-2140-LTB-BNB. "Even if that were true, she is precluded from bringing them in this case because she could have raised these theories in her prior lawsuit . . .". *Riggs v. Aetna Life Ins. Co.,* 188 Fed.Appx. 659, 662, 2006 WL 1633542, 2 (10th Cir. 2006).

One of the main policy considerations underlying res judicata is the interest in bringing litigation to an end. *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1258 (10th Cir.1997); *B-S Steel of Kansas, Inc. v. Texas Industries, Inc*., 327 F.Supp.2d 1252, 1258 (D. Kan. 2004);. "By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *Nwosun* at 1258. Ms. Ramsey's continuous and repetitious filings are indubitably vexatious and, at some point, must come to an end.

I therefore recommend that plaintiff's "unnumbered" claims which concern any matter having to do with constitutional violations, including due process and equal protection, discrimination claims pursuant to Title VII, the ADA, the Rehabilitation Act, and any other employment-related discrimination claim, and any tort claim within the Federal Tort Claims Act, 28 U.S.C. §2674 be dismissed as barred by the principles of claim preclusion and res judicata. Included also are claims brought by Ms. Ramsey and designated as "Title II of the Civil Rights Act of 1964, 42 U.S. C. § 2000(e-5, Rehabilitation Act of 1973, 29 C.F.R.E.(sic) 614, ADEA, ADA" as well as "Whistleblower's protection, RICO/COCCA, APA, [and] FTCA."

### B. Veterans' Benefits

In *Scherer v. United States*, 55 Fed. Appx. 517, 2003 WL 191463 (10th Cir. 2003), the plaintiff sought damages and other relief in connection with the processing of his applications for various benefits from the Veterans' Administration. The lower court dismissed the complaint citing Title 38 U.S.C. §511(a), which provides

> The Secretary [of Veterans' Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

*Id. See Scherer* at 1. The Tenth Circuit agreed that complaints seeking redress for Veterans' Affairs decisions are barred.

In *Moore v. Department of Veterans' Affairs*, 2003 WL 22594364, 1 (D. Kan. 2003), the court stated, "38 U.S.C. § 511 expressly provides that the Court of Appeals for Veterans' Claims is the exclusive forum for reviewing decisions regarding veterans' benefit claims." The court explained,

> By means of the Veterans' Judicial Review Act (VJRA), Pub.L.No. 100-687, Div.A. § 101, 102 Stat. 4105 (1988), Congress has carefully constructed a separate and multi-tiered system of judicial review for the consideration of pension and benefit claims by service members founded on the United States Court of Appeals for Veterans Claims. Appeals from the Court of Appeals for Veterans Claims are made to the United States Court of Appeals for the Federal Circuit, and from there to the United States Supreme Court. This procedure is both adequate and exclusive and precludes . . . litigation in [a] United States District Court.

*Moore* at *1. See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir.1997). The plaintiff makes reference to Title 5 U.S.C. § 702, a provision in the Administrative Procedures Act (APA), as waiving sovereign immunity; However this argument is without merit since an APA waiver under Chapter 7 will be found only if there are no other federal statutes precluding judicial review. *See* 5 U.S.C. § 701. Here, 38 U.S.C. § 511 expressly provides that the Court of Appeals for Veterans' Claims is the exclusive forum for reviewing decisions regarding veterans' benefit claims. 5 U.S.C. § 702 does not establish waiver of sovereign immunity in light of the statutory scheme created by Congress for the review of veterans' benefit claims. *Moore* at 1.

The VJRA serves two legitimate legislative goals: protecting the federal courts and VA from time-consuming veterans' benefits litigation, and providing a specialized forum where the technical and complex decisions regarding such cases can be made more appropriately. *See Weaver v. United States*, 98 F.3d 518 (10th Cir.1996); *Moore, id.*; *Holroyd v. Department of*

*Veterans' Affairs*, 2007 WL 1652064, 2 (D. Kan. 2007). Given the statutory scheme created by Congress for the review of veterans' benefit claims, it cannot be legitimately claimed the United States has waived sovereign immunity.

I recommend that Ms. Ramsey's claims for a review of the decision of the Veterans' Administration regarding the award of benefits to herself and others be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.

### C. *Freedom of Information Act*

The Freedom of Information Act is found at Title 5 U.S.C. § 552, et seq. As noted, the plaintiff's claim is for money damages – "$40.3 million" as of the date of the filing of the Complaint. The Court has no subject matter jurisdiction over Plaintiff's claim under the Freedom of Information Act because that statute does not provide a private right of action for money damages. *Scherer v. United States*, 241 F. Supp. 2d 1270, 1277 (D. Kan. 2003); *Logan v. United States*, 272 F. Supp. 2d 1182, 1187 (D. Kan. 2003). The United States has not consented to suit for monetary damages under FOIA and therefore the claim is also barred by sovereign immunity. The court lacks jurisdiction over this claim.

I recommend that Ms. Ramsey's claims for a violation of FOIA be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.

### D. "18 USCA ( )(witness (before court) protection & anti-retaliation for witness in court)."

Fed. R. Civ. P. 8(a) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's claim is impossibly vague; the court can only guess that Ms. Ramsey is trying to assert a civil right of action pursuant to a criminal provision, Title 18, U.S.C. Sections 1503 and 1513 prohibiting activities that impede or hinder witnesses in official proceedings or retaliating against potential witnesses in a court proceeding.

Plaintiff has stated no facts whatsoever to support that she was a witness in an official proceeding or that anyone interfered with her in that capacity. Ms. Ramsey's response heaves allegations of intimidation at the U.S. Attorney and his predecessor, undefined agents, ORM counselors, EEO counselors, Stewart LNU at EEO, and VA counsel, none of whom are defendants in this case. (Rsp. at 13-14.) None of those allegations appeared in the Complaint. The plaintiff has failed to state even minimal factual allegations on this claim against Defendant Mansfield such that she would have a plausible chance of success on the merits.

Therefore, I recommend that this claim(s) be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, for the foregoing reasons,

**It is ORDERED**:

1. Plaintiff's Motion for Setting a Motion Hearing for the Defendant's Motion to Dismiss [Doc. No. 31] is DENIED.

**Further, I respectfully RECOMMEND**:

1. Defendants' "Motion to Dismiss" [Doc. No. 13] be GRANTED and this case dismissed in its entirety; and

2. Plaintiff's "Unopposed Motion for Public Record Filing of Her Disclosure and Settlement Documents" [Doc. No. 30] be DENIED as moot.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of August, 2008

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge