IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01793-WYD-KMT

MELODY RAMSEY,

> Plaintiff,

v.

GORDON H. MANSFIELD,

> Defendant.

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on several motions including Defendant's Motion to Dismiss, Plaintiff's Motion for Setting a Motion Hearing for the Defendant's Motion to Dismiss, and Plaintiff's "Unopposed Motion for Public Record Filing of her Disclosure and Settlement Documents."  These motions were referred to Magistrate Judge Tafoya for a Recommendation and/or Order by Order of Reference of August 28, 2007 and Memoranda dated November 20, 2007 and January 8, 2008.

An Order and Recommendation of United States Magistrate Judge was filed on August 13, 2008, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Tafoya recommends therein Defendant's Motion to Dismiss be granted.  She further denies Plaintiff's two pending motions.

More specifically as to the Motion to Dismiss, Magistrate Judge Tafoya found that the claims in this case are predicated on the same activity that led to Plaintiff's filing of a lawsuit in 2004 against Anthony J. Principi, who was at the time the Secretary of the Department of Veteran's Affair. That lawsuit was Civil Action No. 04-cv-02140-LTB. All claims in that lawsuit except a claim for violation of the National Environmental Policy Act ("NEPA") and an APA claim were dismissed on a recommendation of Magistrate Judge Boland. The Court later granted summary judgment motions on the NEPA and APA claims. Magistrate Judge Tafoya found that Plaintiff is simply attempting to have the Court, through this civil action, act as a "court of appeals" for the decision in that case, "the quintessential 'second bite.'" *See* Recommendation at 10. She therefore found that the claims in this case are barred by the doctrine of res judicata, or claim preclusion, as they were brought or could have been brought in the 2004 action. *Id.* at 10-13.

To the extent Plaintiff seeks a review of the decision of the Veterans' Administration regarding veterans' benefits, Magistrate Judge Tafoya found that such a claim is barred under 38 U.S.C. § 511(a). Recommendation at 13 (citing *Scherer v. United States*, 55 Fed. Appx. 517, 2003 WL 191463 (10th Cir. 1993); *Moore v. Dep't of Veterans' Affairs*, 2003 WL 22594364, 1 (D. Kan. 2003) and other cases). She further finds that "[g]iven the statutory scheme for the reviews of veterans' benefit claims, it cannot legitimately be claimed the United States has waived sovereign immunity." *Id.* at 15. Accordingly, Magistrate Judge Tafoya recommends that any such claim be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.*

The Recommendation also finds that a claim under the Freedom of Information Act ("FOIA") be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the United States has not consented to suit for monetary damages under FOIA and the claim is thus barred by sovereign immunity. *Id.* Finally, Magistrate Judge Tafoya recommends that a claim entitled "18 USCA ( ) (witness (before court) protection & anti-retaliation for witness in court" be dismissed for failure to state a claim under which relief can be granted as Plaintiff "has failed to state even minimal factual allegations on this claim . . . such that she would have a plausible chance of success on the merits." *Id.* at 16.

The Recommendation advised pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b) that the parties had ten (10) days after service of the recommendation to serve and file specific, written objections. *Id.* at 17. Further, it advised that a party's failure to make timely objections may bar *de novo* review of the Recommendation by the district judge. *Id.*

Despite such advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the

Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record as I agree with Magistrate Judge Tafoya that Plaintiff's claims in this lawsuit should be dismissed.  Specifically, I find that Magistrate Judge Tafoya's recommendations as to the claims being subject to dismissal under the doctrine of res judicata or claim preclusion, under Rule 12(b)(1) based on sovereign immunity and lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, are well reasoned and should be affirmed.  Accordingly, it is

ORDERED that the Order and Recommendation of United States Magistrate Judge dated August 13, 2008, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendant's Motion to Dismiss (Doc. # 13 filed November 19, 2007) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

Dated:  August 26, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).