IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01793-WYD-KMT

MELODY RAMSEY,

    Plaintiff,

v.

GORDON H. MANSFIELD, Secretary of Veterans Affairs,

    Defendant.

## ORDER

THIS MATTER is before the Court on a review of the file. By Order filed August 26, 2008, I issued an Order affirming and adopting the August 13, 2008 Recommendation and Order of Magistrate Judge Tafoya. I noted in my Order that no objections had been filed as of that date to the Recommendation. Judgment was also entered on August 26, 2008.

On August 27, 2008, Plaintiff filed a "Motion for Extension of Time to Respond to Order and Recommendation of Magistrate for Dispositive Matters." This motion was denied by me by Minute Order dated August 29, 2008. I found in that Minute Order that the motion appeared to be untimely and that even if it was timely, Plaintiff did not state a valid reason in the motion for needing a thirty (30) day extension of time to file objections to the Recommendation. I also stated that since judgment has now entered in the case, Plaintiff must file an appropriate motion pursuant to Rules 59 or 60 of the Federal Rules of Civil Procedure if she wished to seek relief from the Judgment.

On September 2, 2008, Plaintiff filed "Objections to Magistrate Order and Recommendation of United States Magistrate [Judge]". On September 9, 2008, Plaintiff filed a "Motion for Presiding Judge to Alter or Amend Judgment." She also filed a "Motion for Case Reassignment to Presiding Judge."

I first address the Objections. While I could technically strike them since I denied Plaintiff's motion for extension of time to file objections, I will review them on the merits even though Plaintiff admits that they were untimely. *See* Objections at p. 6 ("w/ sincere apology - my computer kept crashing & this Tafoya Recommendation is more than I cd handle well in 10 days"). I find that, even reviewing the Recommendation and Order of Magistrate Judge Tafoya on a *de novo* basis as to those specified proposed findings or recommendations to which objection is made, the Objections do not merit a reversal of my ruling affirming and adopting that Recommendation.

Specifically, the Objections do not provide a valid legal or factual basis for rejecting any portion of the well-reasoned and thorough Recommendation and Order of Magistrate Judge Tafoya. Indeed, the vast majority of the Objections make arguments that are simply not supported by the law and for which Plaintiff does not provide any legal authority. Further, the Objections contain arguments which are irrelevant, at best, or at worst are inflammatory and improper (such as the argument about alleged sexual antics of the State Engineer and others or the argument that "this court is in such a ivory tower and so connected to the Executive and VA is so thouroughly [sic] mi-using [sic] it's reputation and the blood and lives of it's young men and women that it seems unbeleivable [sic]." Objections at p. 5. Plaintiff also improperly seeks to dispute the

merits of rulings in Judge Babcock's case, which case was referenced in my Order and the Recommendation of Magistrate Judge Tafoya. This is the improper forum to make such a dispute. Accordingly, Plaintiff's Objections are overruled.

I now turn to Plaintiff's "Motion for Presiding Judge to Alter or Amend Judgment" and the "Motion for Case Reassignment to Presiding Judge." To the extent that Plaintiff seeks to have this case reassigned to the "Presiding Judge", who I believe in this case would be Chief Judge Nottingham, I deny the motion. Plaintiff has not stated any valid reason why I should recuse myself and why this case should be reassigned to Chief Judge Nottingham or any other Judge. She has not shown that I am biased. Instead, she simply appears to dispute the validity of my rulings and that of Magistrate Judge Tafoya.

As to the "Motion for Presiding Judge to Alter or Amend Judgment", I deny that motion as well. Technically, since the motion was filed more than ten (10) days after judgment, it must be addressed under Rule 60. Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Id.* at 1243-44. Plaintiff has not shown any valid reason for setting aside the Judgment under Rule 60. Instead, Plaintiff simply "reiterate[s] the original issues raised in [her] complaint and [seeks] to challenge the legal correctness of the . . . judgment by arguing that the . . . court misapplied the law or misunderstood [her] position". *Id.* at 1244. The Tenth Circuit has made clear that such arguments are properly brought under Rule 59(e)

within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)." *Id.*

Even if the motion were to be addressed under Rule 59(e), I find that Plaintiff has failed to show that my Order and Judgment should be altered or amended. There are three major grounds that justify reconsideration under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff has not argued an intervening change in the law or evidence that was not available earlier. Further, I find that her arguments do not provide a basis to alter or amend the judgment since she has not shown clear error or manifest injustice. As in Plaintiff's Objections, Plaintiff disputes the validity of my Order and Judgment but provides no legal authority to support her argument that the Order and Judgment were incorrect.[1] Further, Plaintiff complains that I denied her the time to file objections to the Recommendation. I did consider Plaintiff's objections in this Order, however, and found them to be without merit.

Plaintiff also improperly complains of conduct that is not supported by the record and/or that is simply irrelevant to altering or amending the Judgment (such as the argument that the Veterans Administration ["VA"] and the US Attorney "have obscured

---

[1] While she assets that she "has read dozens of cases and diligently researched both the problems and the solutions and has presented her case for no improper purpose", this is simply not sufficient for Plaintiff to meet her burden of demonstrating that the Judgment was incorrect or that it should be altered or amended under Rule 59(e).

both the action and jurisdiction here of the VA employment scheme . . . and mixed or just aggressively denied in violation of the Code of Professional Responsibility, the procedures and responsibility of the VA for separate claims procedures"). Mot. for Presiding Judge to Alter or Amend Jud., p. 2. Further, Plaintiff expounds at length about her claims for benefits to the VA and the various "tracks for VA benefits", and asserts that the Court has a "profound lack of grasp of the VA schemes". (*Id.* at 6). However, she fails to acknowledge the law cited in the Recommendation and in my Order that Plaintiff's claim for a review of any benefits decisions of the VA is barred under 38 U.S.C. § 511(a).

Plaintiff's motion also makes arguments not advanced in prior briefing or revisits issues already addressed by the Court, which is improper. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Finally, I find that Plaintiff has not shown that I made a clear error of judgment or that I made a decision based on erroneous legal conclusions. *See Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005). Accordingly, I find that Plaintiff has not shown she is entitled to relief under Rule 59(e).

Based upon the foregoing, it is

ORDERED that Plaintiff's Objections to Magistrate Order and Recommendation of United States Magistrate [Judge]" (filed September 2, 2008) are **OVERRULED**. It is

FURTHER ORDERED that Plaintiff's "Motion for Presiding Judge to Alter or Amend Judgment" and her "Motion for Case Reassignment to Presiding Judge" are **DENIED**.

Dated: September 19, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge